**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4148**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ELDRIDGE VANBUREN WASHINGTON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23-cr-00330-WO-1)

_____

Submitted:  March 19, 2025                                         Decided:  April 23, 2025

_____

Before GREGORY, AGEE, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Lindsey Ann Freeman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eldridge Vanburen Washington pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced him to a term of 46 months' imprisonment—an upward variance—and three years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Washington's sentence is substantively unreasonable. Although informed of his right to do so, Washington has not filed a pro se supplemental brief, and the Government has elected not to file a brief. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due

deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Washington's sentence is procedurally reasonable. The district court correctly calculated Washington's Guidelines range, heard and considered the parties' arguments as to the appropriate sentence, and provided Washington with the opportunity to allocute— an opportunity Washington declined—before imposing his sentence. The court also weighed the § 3553(a) factors it deemed most relevant and provided a reasoned explanation for the chosen sentence. As to substantive reasonableness, Washington's sentence of 46 months' imprisonment was nine months above the high end of the advisory Guidelines range of 30 to 37 months' imprisonment. However, the district court thoroughly discussed how the § 3553(a) factors justified the sentence imposed, reasoning that this variance was necessary to serve the statutory purposes of promoting respect for the law and deterrence of further crimes, given Washington's persistent recidivism and prior sentences that were shorter than the Guidelines range in this case. The court also emphasized that Washington had been arrested again only 12 days after his arrest for the instant offense for possession of a gun, and that this conduct was not incorporated in the calculation of his advisory Guidelines range. In light of the court's thorough explanation, we conclude that Washington's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*